**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3909
_____


MICHAEL KILLION; MICHAEL BIAZZO;
DOUGLAS FOSTER; SOCRATES KOUVATAS;
ERICK MORTON; WILLIAM HERTLINE;
MARK BRISTOW


v.


CHIEF JOHN COFFEY, Individually and in is official
capacity; RICK TAYLOR, Mayor, Individually and in
his official capacity as Mayor; BETSY MCBRIDE, Individually
and in her official capacity; JOHN KNEIB, Individually and
in his official capacity; JOHN FIGUEROA, Individually and in
his individually capacity; JACK KILLION, Deputy Mayor, Individually
and in his official capacity; LIEUTENANT MICHAEL PROBASCO,
Individually and in his official capacity; ED GROWCHOWSKI, Township
Administrator, Individually and in his official capacity; TOWN OF
PENNSAUKEN

Michael Killion; Michael Biazzo;
William Hertline; Socrates Kouvatas, Erick Morton,
Appellants
_____

On Appeal from the United States District Court
for the District of New Jersey
(District Court No.: 1-13-cv-01808)
District Judge: Honorable Renee M. Bumb
_____


Submitted under Third Circuit LAR 34.1(a)
on April 28, 2017

(Opinion filed: June 19, 2017)

———————

O P I N I O N[*]

———————

**RENDELL**, <u>Circuit Judge</u>:

This appeal challenges the District Court's dismissal of a complaint filed by five police officers employed by the Pennsauken Police Department (the "Officers" or "Appellants"). The Officers are active members of the Fraternal Order of Police ("FOP 3"), the union that represents Pennsauken police officers. They claim under 42 U.S.C. § 1983 that Appellees retaliated against them for vocally supporting the implementation of twelve-hour shifts at the Pennsauken Police Department. The Officers urge that this retaliation violated their First Amendment rights of free speech and freedom of association.[1] Because we agree with the District Court that the Officers have failed to make a sufficient showing of the elements of either claim, we will affirm.[2]

———————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The Officers also brought a claim under the New Jersey Civil Rights Act, alleging similar violations. The District Court properly considered the state law claim coextensively with the federal law claim.

[2] The Officers do not appeal the District Court's finding with respect to punitive damages.

2

The factual and procedural background is known to the parties, and we will not repeat it. We exercise plenary review over a district court's grant of a motion to dismiss.[3] *McLaughlin v. Phelan Hallinan & Schmieg, LLP*, 756 F.3d 240, 245 (3d Cir. 2014).

A § 1983 retaliation claim asserting a violation of the right to free speech requires a showing of: "(1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." *Thomas v. Indep. Twp.*, 463 F.3d 285, 296 (3d Cir. 2006). Similarly, a § 1983 retaliation claim asserting a violation of the right to freedom of association requires a showing that the Officers "were engaged in constitutionally protected conduct, which conduct was a 'substantial' or 'motivating factor' in the government employer's [adverse employment] decision." *Rode v. Dellarciprete*, 845 F.2d 1195, 1204 (3d Cir. 1988) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

First Amendment jurisprudence regarding public employees has evolved from the Holmesian dogma that a "public employee ha[s] no right to object to conditions placed upon the terms of employment—including those which restrict[] the exercise of constitutional rights," *Connick v. Myers*, 461 U.S. 138, 143 (1983), to the now axiomatic qualification that "public employees do not surrender all their First Amendment rights by reason of their employment. Rather, the First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen addressing matters of public

---

[3] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

3

concern," *Garcetti v. Ceballos*, 547 U.S. 410, 417 (2006). Relying on *Garcetti*, we have held that a public employee's speech is constitutionally protected "when (1) in making it, the employee spoke as a citizen, (2) the statement involved a matter of public concern, and (3) the government employer did not have 'an adequate justification for treating the employee different from any other member of the general public' as a result of the statement he made." *Hill v. Borough of Kutztown*, 455 F.3d 225, 241–42 (3d Cir. 2006) (citing *Garcetti*, 547 U.S. at 417). As the District Court rightly noted, our Court has not definitively decided whether the public concern requirement applies to First Amendment freedom of association retaliation claims, though a majority of our sister circuits have found that it does. We have, however, applied both the public concern and the private citizen requirements in instances where the "associational claim is linked closely enough with [a plaintiff's] free-speech claim." *Gorum v. Sessoms*, 561 F.3d 179, 185 n.4 (3d Cir. 2009). We agree with the District Court that "[t]he core of [the Officers'] freedom of association claim is the same as the freedom of speech claim, namely that [the Officers] were retaliated against for supporting the implementation of twelve[-]hour shifts" (A. 20), and therefore hold that both retaliation claims are subject to the *Garcetti* test.

We need not delve into all of the elements outlined *supra* because the Officers cannot get past the initial hurdle of showing the "private citizen" aspect for purposes of their § 1983 claims. On appeal, the Officers urge with scant elaboration that their "speech was made in their capacities as citizens for First Amendment purposes" and appear to argue that they had an "obligation[] as citizen[s] . . . to speak out on behalf of public and of FOP 3." (Appellant's Br. 16–17 (second alteration in original).) That

4

cursory statement is not enough to meet *Garcetti*'s "private citizen" requirement, mainly because it still does not reconcile our prior holdings, in line with those of other circuits, that First Amendment activity might be considered part of a public employee's official duties—and thus not exercised in one's capacity as a private citizen—if it embodies "special knowledge" acquired through the job. *See Foraker v. Chaffinch*, 501 F.3d 231, 240 (3d Cir. 2007) (citing similar holdings issued by the Fifth and Ninth circuits), *abrogated on other grounds by Borough of Duryea, Pa. v. Guarnieri*, 564 U.S. 379 (2011). As the District Court observed, the Officers were "able and eager to advocate for the implementation of twelve[-]hour shifts precisely because of their employment as police officers and the special knowledge and experience acquired through that employment." (A. 32.) As such, "to the extent that [they] spoke or acted regarding a matter of public concern, [they] did so to advance their positions as police officers."[4] (*Id.*) The Officers therefore have not adequately shown that they were acting as private citizens when advocating for the twelve-hour shift policy.

For the foregoing reasons, we will affirm the District Court's dismissal with prejudice of Appellants' Second Amended Complaint in its entirety.[5]

---

[4] On appeal, the Officers continue to argue in the alternative that union activity is per se protected conduct and that they therefore need not engage in the *Garcetti* analysis for either of their First Amendment claims. We reject this argument for the reasons thoroughly articulated by the District Court. (*See* A. 21–24.)

[5] Because we will affirm the District Court's dismissal of the Officers' constitutional claims, we need not reach the issue of qualified immunity.